ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT W. DAVIS and<br>NANCY DAVIS<br><br>MARTHA H. DYKES<br><br>MANUEL S. GALVIZ and<br>ANITA C. GALAVIZ<br><br>WILLIAM GOLDING and<br>CONNIE GOLDING<br><br>PETER T. KOCH and<br>KARIN P. KOCH<br><br>CORWIN H. MEYER and<br>LYNN G. MEYER<br><br>GORDON L. SMITH and<br>ANN B. SMITH<br><br>BARRY A. STEIN and<br>ROSABETH M. KANTER<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | FILED<br>OCT 10 2006<br>U.S. COURT OF<br>FEDERAL CLAIMS<br><br>CIVIL NO. 06-697 T<br><br>JUDGE:________ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

1. Plaintiffs (collectively "Plaintiffs") are citizens of the United States of America.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, 6230, 6404, and 6621(c) of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiffs.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a) of the United States Code.

**DAVIS**
**COUNT ONE**
**(Calendar Year 1984)**

5. Robert W. Davis and Nancy Davis (the "Davises") live at 504 Veranda Way, Unit B201, Naples, FL, 34104.

6. Robert W. Davis and Nancy Davis filed a timely joint federal income tax return for calendar year 1984 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-1079 and XXX-XX-2864, respectively.

7. For 1984, Robert Davis was a limited partner in U.S. Farm Partners - 84 ("USFP84"), a California limited partnership.

8. USFP84 timely filed its 1984 Form 1065, partnership tax return.

9. A dispute arose between the IRS and USFP84 as to certain partnership items reported on the partnership's tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

10. The Tax Matters Partner and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

---

[1] References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

that the partnership items should, in fact, be adjusted as agreed by the TMP and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

B. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

C. The claim was timely filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

15. Over six (6) months have elapsed since the Davises filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

16. The Davises are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

**DYKES**
**COUNT ONE**
**(Calendar Year 1984)**

17. Martha M. Dykes lives in Americus, GA, 31709.

18. Dykes filed a timely individual federal income tax return for calendar year 1984 and paid the taxes reported due on that return. Her taxpayer identification number, as reflected on that tax return, is XXX-XX-8857.

19. For 1984, Dykes was a limited partner in Agri Venture II ("AV2"), a California limited partnership.

20. AV2 timely filed its 1984 Form 1065, partnership tax return.

21. A dispute arose between the IRS and AV2 as to certain partnership items reported on the partnership's tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

22. The Tax Matters Partner and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

23. On July 22, 2002, the IRS assessed tax liability of $13,413.00 against Dykes for 1984 based upon that Tax Court decision. The IRS also assessed interest and §6621(c) penalty interest of $72,508.72 against Dykes for 1984. The IRS subsequently assessed additional interest and penalty interest totaling $5,401.71 in five different assessments on September 16, 2002, October 21, 2002, March 31, 2003, July 14, 2003.

24. In a series of payments and credits from other tax years, Dykes paid the July, 2002 assessment in full.

25. On June 24, 2004, Dykes filed with the IRS a claim for refund of $13,413.00 of tax and $77,910.43 for the interest and §6621(c) penalty interest assessed and paid for 1984.

26. As grounds for recovery, Dykes restates and incorporates by reference the averments set forth in the Explanation to her refund claim for 1984:

A. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the partnership was made more than three years after the partnership return was filed. The settlement upon which the assessment was based was solicited by the IRS and entered into by the Tax Matters Partner after the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement

agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed by the TMP and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

B. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

C. The claim was timely filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that

the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

E. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

F. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

G. The recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

H. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

I. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

27. Over six (6) months have elapsed since Dykes filed her original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

28. Dykes is the sole owner of the claim asserted herein against the Defendant and has made no assignment of said claim.

**GALAVIZ**
**COUNT ONE**
**(Calendar Year 1984)**

29. Manuel S. Galaviz and Anita C. Galaviz (the "Galavizes") live at 12418 Old Town Rd., Bakersfield, CA, 93312.

30. Manuel S. Galaviz and Anita C. Galaviz filed a timely joint federal income tax return for calendar year 1984 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-5522 and XXX-XX-9302, respectively.

31. For 1984, Manuel S. Galaviz was a limited partner in Texas Farm Vineyards ("TFV"), a Texas limited partnership.

32. TFV timely filed its 1984 Form 1065, partnership tax return.

33. A dispute arose between the IRS and TFV as to certain partnership items reported on the partnership's tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

34. The Tax Matters Partner and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

35. On July 29, 2002, the IRS assessed tax liability of $14,526.00 against the Galavizes for 1984 based upon that Tax Court decision. The IRS also assessed interest and §6621(c) penalty interest of $71,237.93 against the Galavizes for 1984.

36. In a series of payments and credits applied from other tax years, the Galavizes paid the July, 2002 assessments in full.

37. On July19, 2004, the Galavizes filed with the IRS a claim for refund of $14,526.00 of tax and $71,237.29 for the interest and §6621(c) penalty interest assessed and paid for 1984.

38. As grounds for recovery, the Galavizes restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1984:

A. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the partnership was made more than three years after the partnership return was filed. The settlement upon which the assessment was based was solicited by the IRS and entered into by the Tax Matters Partner after the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement

agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed by the TMP and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

B. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd*, 995 F.2d 205 (Fed. Cir. 1993).

C. The claim was timely filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that

the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

E. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

F. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

G. The recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

H. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

I. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

39. Over six (6) months have elapsed since the Galavizes filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

40. The Galavizes are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

**GALAVIZ**
**COUNT TWO**
**(Calendar Year 1985)**

41. Manuel S. Galaviz and Anita C. Galaviz (the "Galavizes") live at 12418 Old Town Rd., Bakersfield, CA, 93312.

42. Manuel S. Galaviz and Anita C. Galaviz filed a timely joint federal income tax return for calendar year 1985 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-5522 and XXX-XX-9302, respectively.

43. For 1985, Manuel S. Galaviz was a limited partner in Houston Farm Associates ("HFA"), a Texas limited partnership.

44. HFA timely filed its 1985 Form 1065, partnership tax return.

45. A dispute arose between the IRS and HFA as to certain partnership items reported on the partnership's tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

46. The Tax Matters Partner and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

47. On August 26, 2002, the IRS assessed tax liability of $6,022.00 against the Galavizes for 1985 based upon that Tax Court decision. The IRS also assessed interest and §6621(c) penalty interest of $27,571.46 against the Galavizes for 1985.

48. In a series of payments and credits applied from other tax years, the Galavizes paid the August, 2002 assessments in full.

49. On July19, 2004, the Galavizes filed with the IRS a claim for refund of $6,022.00 of tax and $27,541.46 for the interest and §6621(c) penalty interest assessed and paid for 1985.

50. As grounds for recovery, the Galavizes restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1985:

A. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the partnership was made more than three years after the partnership return was filed. The settlement upon which the assessment was based was solicited by the IRS and entered into by the Tax Matters Partner after the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement

agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed by the TMP and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

B. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

C. The claim was timely filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that

the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

E. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

F. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

G. The recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

H. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

I. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

51. Over six (6) months have elapsed since the Galavizes filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

52. The Galavizes are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

**GOLDING**
**COUNT ONE**
**(Calendar Year 1984)**

53. William Golding and Connie Golding (the "Goldings") live at 7 OVerlook Place, Monterey, CA, 93940.

54. William Golding and Connie Golding filed a timely joint federal income tax return for calendar year 1984 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-5522 and XXX-XX-9302, respectively.

55. For 1984, William Golding was a limited partner in Travertine Flame Associates ("TFA"), a California limited partnership.

56. TFA timely filed its 1984 Form 1065, partnership tax return.

57. A dispute arose between the IRS and TFA as to certain partnership items reported on the partnership's tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

58. The Tax Matters Partner and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

59. On August 19, 2002, the IRS assessed tax liability of $6,974.00 against the Goldings for 1984 based upon that Tax Court decision. The IRS also assessed interest and §6621(c) penalty interest of $38,251.23 against the Goldings for 1984.

60. In a series of payments and credits applied from other tax years, the Goldings paid the August, 2002 assessments in full.

61. On June 24, 2004, the Goldings filed with the IRS a claim for refund of $6,974.00 of tax and $21,827.05 for the interest and §6621(c) penalty interest assessed and paid for 1984.

62. As grounds for recovery, the Goldings restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1984:

A. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the partnership was made more than three years after the partnership return was filed. The settlement upon which the assessment was based was solicited by the IRS and entered into by the Tax Matters Partner <u>after</u> the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement

agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed by the TMP and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

B. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

C. The claim was timely filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that

the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

E. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

F. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

G. The recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

H. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

I. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

63. Over six (6) months have elapsed since the Goldings filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

64. The Goldings are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

**GOLDING**
**COUNT TWO**
**(Calendar Year 1986)**

65. William Golding and Connie Golding (the "Goldings") live at 7 OVerlook Place, Monterey, CA, 93940.

66. William Golding and Connie Golding filed a timely joint federal income tax return for calendar year 1986 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-5522 and XXX-XX-9302, respectively.

67. For 1986, William Golding was a limited partner in Agri-Cal Venture Associates ("ACVA"), a California limited partnership.

68. A dispute arose between the IRS and ACVA as to certain partnership items reported on the partnership's tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

69. The Tax Matters Partner and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

70. On August 26, 2002, the IRS assessed tax liability of $14,659.00 against the Goldings for 1986 based upon that Tax Court decision. The IRS also assessed interest and §6621(c) penalty interest of $60,250.78 against the Goldings for 1986.

71. In a series of payments and credits applied from other tax years, the Goldings paid the August, 2002 assessments in full.

72. On June 24, 2004, the Goldings filed with the IRS a claim for refund of $39,080.87 for the §6621(c) penalty interest and a portion of the interest assessed and paid for 1986.

73. As grounds for recovery, the Goldings restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1986:

A. Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

B. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

C. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

D. The recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

E. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr.

Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

F. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date

of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

74. Over six (6) months have elapsed since the Goldings filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

75. The Goldings are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

**KOCH**
**COUNT ONE**
**(Calendar Year 1986)**

76. Peter T. Koch and Karin P. Koch (the "Kochs") live at 131 Bolton Rd., Harvard, MA 01451.

77. Peter T. Koch and Karin P. Koch filed a timely joint federal income tax return for calendar year 1986 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-0529 and XXX-XX-6122, respectively.

78. For 1986, Peter T. Koch was a limited partner in Rancho California Partners ("RCP"), a California limited partnership.

79. A dispute arose between the IRS and RCP as to certain partnership items reported on the partnership's tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

80. The Tax Matters Partner and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

81. On August 5, 2002, the IRS assessed tax liability of $10,232.00 against the Kochs for 1986 based upon that Tax Court decision. The IRS also assessed interest and §6621(c) penalty interest of $39,718.15 against the Kochs for 1986.

82. On April 20, 2002, the Kochs made an advance remittance to their 1986 tax account. The IRS applied that remittance to the August, 2002 assessments and refunded the balance to the Kocks.

83. On July 2, 2004, the Kochs filed with the IRS a claim for refund of $23,018.96 for the §6621(c) penalty interest and a portion of the interest assessed and paid for 1986.

84. As grounds for recovery, the Kochs restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1986:

A. Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

B. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

C. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

D. The recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

E. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr.

Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

F. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date

of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

85. Over six (6) months have elapsed since the Kochs filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

86. The Kochs are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

**MEYER**
**COUNT ONE**
**(Calendar Year 1986)**

87. Corwin H. Meyer and Lynn G. Meyer (the "Meyers") live at 7170 SE 85th Ln., Ocala, FL. 34472.

88. Corwin H. Meyer and Lynn G. Meyer filed a timely joint federal income tax return for calendar year 1986 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-3561 and XXX-XX-3000, respectively.

89. For 1986, Corwin H. Meyer was a limited partner in Rancho California Partners ("RCP"), a California limited partnership.

90. A dispute arose between the IRS and RCP as to certain partnership items reported on the partnership's tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

91. The Tax Matters Partner and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

92. On July 1, 2002, the IRS assessed tax liability of $3,453.00 against the Meyers for 1986 based upon that Tax Court decision. The IRS also assessed interest and §6621(c) penalty interest of $13,962.66 against the Meyers for 1986.

93. In two payments made July 2, 2002 and July 15, 2002, the Meyers paid the July, 2002 assessments in full.

94. On June 30, 2004, the Meyers filed with the IRS a claim for refund of $8,976.30 for the §6621(c) penalty interest and a portion of the interest assessed and paid for 1986.

95. As grounds for recovery, the Meyers restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1986:

A. Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

B. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have

constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

C. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

D. The recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

E. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that

time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

F. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

96. Over six (6) months have elapsed since the Meyers filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

97. The Meyers are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

**SMTIH**
**COUNT ONE**
**(Calendar Year 1985)**

98. Gordon L. Smith and Ann B. Smith (the "Smiths") live at 103 S. 1150 East, Lindon, UT, 84042.

99. Gordon L. Smith and Ann B. Smith filed a timely joint federal income tax return for calendar year 1985 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-7582 and XXX-XX-8165, respectively.

100. For 1985, Gordon L. Smith was a limited partner in Canyon Desert Vineyards ("CDV"), a California limited partnership.

101. CDV timely filed its 1984 Form 1065, partnership tax return.

102. A dispute arose between the IRS and CDV as to certain partnership items reported on the partnership's tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

103. The Tax Matters Partner and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

104. On August 5, 2002, the IRS assessed tax liability of $14,475.00 against the Smiths for 1985 based upon that Tax Court decision. The IRS also assessed interest and §6621(c) penalty interest of $59,471.66 against the Smiths for 1985.

105. On August 26, 2002, the Smiths paid the August, 2002 assessments in full.

106. On August 18, 2004, the Smiths filed with the IRS a claim for refund of $14,475.00 of tax and $59,471.66 for the interest and §6621(c) penalty interest assessed and paid for 1985.

107. As grounds for recovery, the Smiths restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1985:

A. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the partnership was made more than three years after the partnership return was filed. The settlement upon which the assessment was based was solicited by the IRS and entered into by the Tax Matters Partner after the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed by the TMP and it is, therefore, not

necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

B. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

C. The claim was timely filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

E. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have

constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

F. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

G. The recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

H. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that

time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

I. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

108. Over six (6) months have elapsed since the Smiths filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

109. The Smiths are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

**STEIN**
**COUNT ONE**
**(Calendar Year 1984)**

110. Barry A. Stein and Rosabeth M. Kanter (the "Stein/Kanter") live at 6 Channing Place, Cambridge, MA, 02138.

111. Barry A. Stein and Rosabeth M. Kanter filed a timely joint federal income tax return for calendar year 1984 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-1653 and XXX-XX-6033, respectively.

112. For 1984, Barry A. Stein was a limited partner in Travertine Flame Associates ("TFA"), Richgrove Grape Associates, ("RGA"), and Pump Station III Associates ("PS3"), (collectively the "Partnerships"), all of which were California limited partnerships.

113. The Partnerships timely filed their 1984 Forms 1065, partnership tax returns.

114. A dispute arose between the IRS and each of the Partnerships as to certain partnership items reported on the Partnerships' tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the Partnerships' returns.

115. The Tax Matters Partner for each of the Partnerships and the IRS filed an agreed decision with respect to the Partnership items in that Tax Court actions.

116. On August 26, 2002, the IRS assessed tax liability of $35,556.00 against the Steins for 1984 based upon that Tax Court decision. The IRS also assessed interest and §6621(c) penalty interest of $78,769.33 against the Steins for 1984.

117. The Steins had previously made an advance remittance of $118,000.00 to their 1984 tax account. The IRS applied that remittance to the August, 2003 assessments and refunded the balance to the Steins.

118. On August 24, 2004, the Steins filed with the IRS a claim for refund of $35,556.00 of tax and $78,769.33 for the interest and §6621(c) penalty interest assessed and paid for 1984.

119. As grounds for recovery, the Steins restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1984:

A. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the partnership was made more than three years after the partnership return was filed. The settlement upon which the assessment was based was solicited by the IRS and entered into by the Tax Matters Partner <u>after</u> the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.)

This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed by the TMP and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

B. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

C. The claim was timely filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

E. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

F. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

G. The recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

H. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr.

Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

I. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date

of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

120. Over six (6) months have elapsed since the Steins filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

121. The Steins are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

**STEIN**
**COUNT TWO**
**(Calendar Year 1985)**

122. Barry A. Stein and Rosabeth M. Kanter (the "Stein/Kanter") live at 6 Channing Place, Cambridge, MA, 02138.

123. Barry A. Stein and Rosabeth M. Kanter filed a timely joint federal income tax return for calendar year 1985 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-1653 and XXX-XX-6033, respectively.

124. For 1985, Barry A. Stein was a limited partner in El Rancho Vineyards ("ERV"), and Canyon Desert Vineyards ("CDV"), (collectively the "Partnerships"), all of which were California limited partnerships.

125. The Partnerships timely filed their 1985 Forms 1065, partnership tax returns.

126. A dispute arose between the IRS and each of the Partnerships as to certain partnership items reported on the Partnerships' tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the Partnerships' returns.

127. The Tax Matters Partner for each of the Partnerships and the IRS filed an agreed decision with respect to the Partnership items in that Tax Court actions.

128. On August 26, 2002, the IRS assessed tax liability of $37,275.00 against the Steins for 1985 based upon that Tax Court decision. The IRS also assessed interest and §6621(c) penalty interest of $75,039.70 against the Steins for 1985.

129. The Steins had previously made an advance remittance of $95,674.67 to their 1985 tax account. balance of the assessment was paid by in a series of payments and credits transfered from other tax years.

130. On August 24, 2004, the Steins filed with the IRS a claim for refund of $37,275.00 of tax and $75,039.70 for the interest and §6621(c) penalty interest assessed and paid for 1985.

131. As grounds for recovery, the Steins restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1985:

A. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the partnership was made more than three years after the partnership return was filed. The settlement upon which the assessment was based was solicited by the IRS and entered into by the Tax Matters Partner <u>after</u> the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor

an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed by the TMP and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

B. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

C. The claim was timely filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that

the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

E. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

F. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

G. The recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

H. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

l. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

132. Over six (6) months have elapsed since the Steins filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

133. The Steins are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

WHEREFORE, Plaintiffs Robert W. Davis and Nancy Davis pray for judgment against the Defendant the United States of America in the amount of $47,386.64, or such amount allowed by law, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

WHEREFORE, Plaintiff Martha M. Dykes prays for judgment against the Defendant the United States of America in the amount of $91,323.43, or such amount allowed by law, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

WHEREFORE, Plaintiffs Manuel S. Galaviz and Anita C. Galaviz pray for judgment against the Defendant the United States of America in the amount of $119,326.75, or such amount allowed by law, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

WHEREFORE, Plaintiffs William Golding and Connie Golding pray for judgment against the Defendant the United States of America in the amount of $67,881.92, or such amount allowed by law, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

WHEREFORE, Plaintiffs Peter T. Koch and Karin P. Koch pray for judgment against the Defendant the United States of America in the amount of $23,019.00, or such amount allowed by law, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

WHEREFORE, Plaintiffs Corwin H. Meyer and Lynn G. Meyer pray for judgment against the Defendant the United States of America in the amount of $8,976.30, or such amount allowed by law, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

WHEREFORE, Plaintiffs Gordon L. Smith and Ann B. Smith pray for judgment against the Defendant the United States of America in the amount of $73,946.66, or such amount allowed by law, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

WHEREFORE, Plaintiffs Barry A. Stein and Rosabeth M. Kanter pray for judgment against the Defendant the United States of America in the amount of $226,640.03, or such amount allowed by law, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)